UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MATUTE CASTRO, ET AL., <br><br>　　　　　　　　Plaintiffs, <br><br>v. <br><br>UNITED STATES, <br><br>　　　　　　　　Defendant. | Case No.: 23-cv-00629-RBM-BGS <br><br>**ORDER GRANTING PLAINTIFFS' MOTIONS TO SEAL AND MOTION TO COMPEL** <br><br>**(RELATED ACTION CIV. NO. 1:20-CV-23598-KMW (S.D. FLA.))** <br><br>**[ECF 1, 3, and 8]** |

　　　　This case is part of an underlying action pending in the United States District Court for the Southern District of Florida, *R.Y.M.R. v. United States*, No. 1:20-CV-23598-KMW (filed Aug. 28, 2020).[1]  On April 6, 2023, Plaintiff filed a Motion to Compel a non-party, Gladys Martinez,[2] to appear for deposition under Federal Rule of Civil Procedure 45.  (ECF

---

[1] Plaintiffs' claims are based on allegations of an approximate two-month separation of Plaintiffs—R.Y.M.R., then three years old, and his father—beginning in November 2017. (Am. Compl.; ECF 24.)

[2] Ms. Martinez is a former Supervisory Detention and Deportation Officer in the San Diego Field Office of Immigration and Customs Enforcement.  (ECF 5 at 5.)  Plaintiffs' pending Florida case asserts claims for battery, assault, negligence, and intentional infliction of emotional distress under the Federal Tort Claims Act.  (Am. Compl.; ECF 24.)  Plaintiffs'

1 at 2.)  Plaintiff then filed a Motion to Seal an unredacted version of the motion.  (ECF 3.) According to Plaintiff, the unredacted brief describes certain documents that Defendant produced in discovery and that may be designated as confidential pursuant to the parties' protective order.  (*Id.* at 3.)

On April 13, 2023, the Court entered a briefing schedule ordering that Defendant respond to the motion to compel on or before April 21, 2023, and that Plaintiff reply on or before April 25, 2023.  (ECF 7.)  On April 19, 2023, Plaintiff filed an unopposed Motion to File Documents Under Seal (ECF 8), which includes three letters from Ms. Martinez's doctor that were sent to Plaintiffs' counsel from the United States Attorney's Office for the Southern District of Florida (ECF 8 at 3).  On April 20, 2023, Plaintiff filed a Notice of Subpoena for the deposition of Gladys Martinez, scheduling the deposition for May 2, 2023, in San Diego, California.  (ECF 10.)  On April 21, 2023, Defendant filed its response to the motion to compel.  (ECF 12.)  On April 25, 2023, Plaintiff filed his reply.  (ECF 13.) For the following reasons, the Court **GRANTS** the motions to seal (ECF 3, 8) and the motion to compel (ECF 1).

I.     RELEVANT LEGAL STANDARDS

A. Motions to Seal

Judicial records attached to non-dispositive motions "'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials."  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). "A 'good cause' showing will suffice to seal documents produced in discovery."

---

allege that "[a]ll federal officers referenced in this Complaint were at all relevant times employees of the United States, working within the scope and course of their employment with federal agencies," and that "high-level officials publicly admitted that family separation was the express policy . . . ."  (*Id.* ¶¶ 4, 8.)

2

*Kamakana*, 447 F.3d at 1180 (citing Fed. R. Civ. P. 26(c)). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

Plaintiffs' first motion to seal (ECF 3) requests that Plaintiffs be permitted to file a redacted version of their motion to compel so that excerpts from a deposition and an email among Defendant's officers concerning Plaintiffs' separation may be sealed. (ECF 3 at 3.) Defendant intends to designate both as confidential under the parties' protective order in their underlying Florida case. Plaintiffs' second motion to seal (ECF 8) seeks to file Exhibits 16, 20, and 23 to Plaintiffs' motion to compel under seal. (ECF 8 at 3.) The exhibits contain information about Ms. Martinez's medical condition. (*Id.*) Defendant does not oppose the motion.

Plaintiffs' first motion to seal contains information Plaintiff argues falls within the definition of "confidential information" in the parties' protective order. Defendant does not object. (ECF 3 at 3.) The Court concludes there is good cause to grant Plaintiffs' first motion to seal. Because Plaintiffs' second motion to seal contains medical information, the Court concludes there is good cause to grant that motion as well. *See Anderson v. Amazon.com, Inc.*, No. 1:21-cv-00127-NONE-BAM, 2021 WL 3077562, *1 (E.D. Cal. July 21, 2021).

**B. Federal Rule of Civil Procedure 45**

The subpoena was issued under Rule 45, which allows a party to subpoena a non-party. Fed. R. Civ. P. 45. Information sought by a Rule 45 subpoena must comply with discovery standards in Federal Rule of Civil Procedure 26, including that the information must be relevant to a claim or defense. *See Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*, No. 15-mc-80211-MEJ, 123 F. Supp. 3d 1215, 1217 (S.D. Tex. Aug. 20, 2015) ("The scope of discovery through a subpoena under Rule 45 is the same as the scope of discovery permitted under Rule 26(b)."); *Everflow Tech. Corp. v. Millennium Elecs., Inc.*, No. 07-05795 JF (HRL), 2008 WL 4962688, *1 (N.D. Cal. Nov. 19, 2008)

("Subpoenas, like all discovery devices, are also subject to the scope and limits set forth in" Federal Rule of Civil Procedure 26(b)(1)). A party is entitled to seek discovery from a non-party of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. 26(b)(1); *HI.Q, Inc. v. ZeetoGroup, LLC*, No. 22cv1440-LL-MDD, 2022 WL 17345784, at *13 (S.D. Cal. Nov. 29, 2022) ("Rule 26(b)(1) . . . defines the proper scope of discovery from a non-party under Rule 45.").

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "District courts have broad discretion in controlling discovery" and "in determining relevancy." *Laub v. Horbaczewski*, 331 F.R.D. 516, 521 (C.D. Cal. 2019) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) and *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005)). "A party seeking to prevent a deposition carries a heavy burden to show why discovery should be denied." *Life Techs. Corp. v. Illumina, Inc.*, No. 11-cv-703-JAH (POR), 2011 WL 13101728, at *2 (S.D. Cal. June 17, 2011).

## II. ANALYSIS

### A. Motion to Compel

As this Court noted, Plaintiffs' complaint alleges claims for battery, assault, negligence, and intentional infliction of emotional distress under the Federal Tort Claims Act. (Compl. ¶¶ 81-109; ECF 24.) Plaintiff argues that the central question in its case is why R.Y.M.R. was taken from his father, whether the government conducted a reasonable investigation, and whether the government followed its purported policies. (ECF 5 at 7.)

Plaintiff references Defendant's responses to Interrogatories 12 and 13, that the separation of R.Y.M.R. and his father was done according to "local guidance"; that Ms. Martinez had "drafted" local guidance; and that "family separations must be approved by an [Assistant Field Office Director.]" (ECF 5 at 12-13.) According to Defendant, Ms. Martinez "reviewed the facts of the case and made the separation recommendation" with respect to R.Y.M.R. and his father. (*Id.*)

Notably, Defendant does not actually respond to Plaintiffs' argument that relevant information would be produced by deposing Ms. Martinez. Defendant points out that Plaintiffs' two prior deposition notices were served less than 14 days from the date scheduled for the deposition, and were, therefore, untimely under the 14-day reasonable notice requirement for out-of-state witnesses under the Southern District of Florida's Local Rule 26.1(h). Defendant then argues that Plaintiffs' motion to compel is moot because at the time it was filed, the dates for the two prior subpoenas had expired and there was no pending deposition subpoena. Defendant also points out that the new notice includes no accommodations for Ms. Martinez's restrictions and states that "[t]he deposition will continue from day to day until completed, Saturdays, Sundays, and holidays excepted." Defendant notes that Plaintiffs have previously stated their intent to subject Ms. Martinez to a "full-day, in-person" deposition. (ECF 5, Ex. 1.)

First, Plaintiffs served a Notice of Deposition on April 18, 2023, that Plaintiffs would depose Ms. Martinez on May 2, 2023. (ECF 10-1.) Although prior notices were untimely, Defendant has timely notice of the deposition that is the subject of the notice filed with this Court.

Second, information sought by deposing Ms. Martinez is relevant to Plaintiffs' claims. The acts forming the basis for Plaintiffs' claims stem from government officials' acts. Plaintiffs' brief includes several statements by Defendant in response to interrogatories, referenced above, that directly tie Ms. Martinez to the official acts underlying Plaintiffs' claims. In fact, Defendant's only substantive concern in response is that Ms. Martinez be properly accommodated during deposition. Accordingly, the Court

GRANTS the motion to compel. The parties are to meet and confer as to how to implement the restrictions set forth by Ms. Martinez's doctor as described in Exhibits 16, 20, and 23 to Plaintiffs' motion to compel. The Court expects counsel to make reasonable accommodations for Ms. Martinez's health concerns.

### B. Exceptional Circumstances

Finally, this Court has requested briefing on whether this motion should be transferred pursuant to Federal Rule of Civil Procedure 45(f) based on consent or exceptional circumstances. (ECF 7 at 2.)

Rule 45(f), "Transferring a Subpoena-Related Motion," provides the following, in relevant part:

> When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court . . . if the court finds exceptional circumstances. . . . To enforce its order, the issuing court may transfer the order to the court where the motion was made.

Fed. R. Civ. P. 45(f). "The proponent of transfer bears the burden of showing that exceptional circumstances are present." *See* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment. Transfer is appropriate if the exceptional circumstances "outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.*

Given the geographic distance between this district and the district where this case is pending and Ms. Martinez's medical restrictions, the Court cannot conclude that Defendant has satisfied its burden by showing that exceptional circumstances are present that outweigh the interests of the nonparty. *See id.*

### III. CONCLUSION

The Court GRANTS Plaintiffs' Motions to Seal and Plaintiffs' Motion to Compel. The parties are to meet and confer as to how to implement the restrictions set forth by Ms. Martinez's doctor as described in Exhibits 16, 20, and 23 to Plaintiffs' motion to compel.

1  The Court expects counsel to make reasonable accommodations for Ms. Martinez's health
2  concerns.
3       **IT IS SO ORDERED**.
4  Dated: May 1, 2023

Hon. Bernard G. Skomal
United States Magistrate Judge